# EXHIBIT A

*Tiki Brown*
Tiki Brown
Clerk of State Court
Clayton County, Georgia
Tashea Matthews

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JENNIFER WINOGRAD and, <br> JOSHUA WINOGRAD, <br><br> Plaintiffs, <br><br> v. <br><br> MAY TRUCKING COMPANY; and <br> ANDREW ENSMINGER, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) FILE NO. 2021CV02471 <br> ) <br> ) <br> ) <br> ) <br> ) |

# COMPLAINT

Plaintiffs Jennifer and Joshua Winograd, by and through their undersigned counsel, sues Defendants Andrew Ensminger and May Trucking Company, and shows as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Defendant May Trucking Company is now and was at the time of the claim which is the subject matter of this Complaint arose, incorporated in the State of Oregon having its principal place of business located at 4185 Brooklake Rd NE, Salem Oregon, 97305. It is subject to the jurisdiction of this court under the authority of O.C.G.A. § 40-12-1 *et seq.* and O.C.G.A. § 40-1-117, and may be served with Summons and Complaint by serving the Secretary of State, State of Georgia, as agent, as provided by said laws or the Georgia Insurance Commissioner pursuant to O.C.G.A. §§ 33-4-3 and 33-4-4.

2.

Defendant May Trucking Company may also be served through its registered agent, Scott

D. Smith, located at 4185 Brooklake Rd NE, Salem, Marion County, Oregon 97305, served with Summons and Complaint by a duly authorized individual to perfect service in the state of Oregon.

3.

Defendant Andrew Ensminger is now and was at the time of the claim which is the subject matter of this Complaint arose, a resident of the State of Florida, residing at 3435 S. Orange Ave, 106C, Orlando, Orange County, Florida 32806. He is subject to the jurisdiction of this court under the authority of O.C.G.A. 40-12-1 *et seq.*, and may be served with Summons and Complaint by serving the Secretary of State, State of Georgia, as agent, as provided by said laws; or by a duly authorized individual to perfect service in the state of Florida.

4.

Venue is proper in this court as to Defendants May Trucking Company and Andrew Ensminger pursuant to O.C.G.A. §40-12-1 *et seq.* pursuant to Georgia's joint tortfeasor statue and/or pursuant to O.C.G.A. § 33-4-1.

5.

Defendants are liable to Plaintiff for her injuries and damages described below.

**FACTS COMMON TO ALL COUNTS**

6.

At all times relevant to this action, Defendant May Trucking Company was the owner and operator of a business which qualifies as either a motor common carrier or a motor contract carrier under the laws of the State of Georgia, and the tractor-trailer rig, being a 2019 Freightliner tractor-trailer, which was involved in the collision that is the subject matter of this case was being operated

as such by Defendant Andrew Ensminger.

7.

On February 18, 2020, Defendant Andrew Ensminger, an employee of Defendant May Trucking Compny, was driving and operating Defendant May Trucking Company's 2019 Freightliner tractor-trailer rig on I-285 West Bound in Clayton County, Georgia.

8.

At the aforesaid time and place, Plaintiff Jennifer Winograd was the driver of her 2017 BMW 330E in slowing traffic on I-285 West Bound near the Riverdale Road exit ramp. Andrew Ensminger was a driver of a vehicle directly behind the vehicle occupied by Plaintiff Jennifer Winograd in slowing traffic on I-285 West Bound.

9.

At the aforesaid time and place, Plaintiff Jennifer Winograd was behind another tractor-trailer being operated by Sega D'Marcus Bunn.

10.

At the aforesaid time and place, Defendant Andrew Ensminger negligently drove the above-described tractor-trailer rig on I-285 West Bound and suddenly, without warning colliding, the front of the tractor-trailer rig into the rear of Plaintiff Jennifer Winograd's vehicle causing Plainiff Jennifer Winograd's vehicle to collide into the rear of the Mr. Bunn's tactor-trailer.

11.

After said collisions, Defendant Andrew Ensminger and his 2019 Freightliner continued to roll on top of Plaintiff Jennifer Winogra's vehicle and push Plaintiff Jennifer Winograd's vehicle forward and to the right, across the emergency lane and off the Interstate.

12.

As a result of said collision and/or collisions Plaintiff Jennifer Winograd's vehicle erupted into flames while being pushed, consuming her vehicle and causing her to be expunged onto the freeway.

13.

As a result of the culminating traumatic event, Plaintiff Jennifer Winograd sustained serious burns and inures and required emergency medical treatment at the scene and transported by EMS to Grady Memorial Hospital and Grady Burn Center

14.

At the aforesaid time and place, Defendants violated the following laws of the State of Georgia and the United States of America and were otherwise negligent in the following several particulars:

    (i)    O.C.G.A. §40-6-49 (following too closely);

    (ii)    O.C.G.A. §40-6-241 (driver to exercise due care);

    (iii)    O.C.G.A. §40-6-390 (reckless driving);

    (iv)    In failing to keep a vigilant lookout for other motor vehicles in front of the aforesaid tractor-trailer rig on the exit ramp described above;

    (v)    In failing to have said tractor-trailer rig under proper control at the time and place in question;

    (vi)    In failing to stop, turn or otherwise divert his tractor-trailer rig so as to avoid colliding with the vehicle operated by Plaintiff Jennifer Winograd;

    (vii)    In otherwise failing to remain attentive to the duty of a truck driver to keep a

vigilant lookout ahead for the protection of other members of the motoring public.

15.

Defendants breached the duty of ordinary care owing to the Plaintiff and other users of the roadways by operating the tractor-trailer rig negligently, recklessly and in violation of the law.

16.

On the day of the collision described above, Defendant May Trucking Company was self-insured or had in full force and effect either a policy of motor vehicle liability insurance or a surety bond for protection of members of the general public against injuries and deaths proximately caused by the negligent operation of tractors and trailers by Defendant may Trucking Company., its agents, servants and employees, including Defendant Andrew Ensminger, who was the operator of the vehicle at the time in question, while on the public streets, roads, and highways; and said Company, being self-insured or having issued a policy of direct obligation insurance or a surety bond in accordance with the laws of the State of Georgia is liable to suit in this case.

17.

As a result of the above-described collision, Plaintiff sustained serious personal and permanent injuries.

18.

As a result of the above-described collision, Plaintiff Jennifer Winograd sustained traumatic emotional distress and psychological trauma.

19.

At all times hereinabove described, Defendant Andrew Ensminger was acting within the scope of his employment as an agent, servant, and employee of Defendant May Trucking Company.

20.

At the time of the collision which is the subject-matter of this case, Defendant Andrew Ensminger was driving and operating a tractor-trailer rig which was owned by Defendant May Tucking Company, and which was self-insured and/or insured in accordance with the laws of the State of Georgia under a policy of motor vehicle liability insurance or a surety bond.

21.

The proximate and legal cause of said collision was the negligent operation of the tractor-trailer rig by Defendant Andrew Ensminger, for whose conduct the defendant May Trucking Company are also liable.

22.

The above-referenced injuries to Plaintiff Jennifer Winograd were directly and proximately caused by the negligence of Defendant Andrew Ensminger due to:

(i)  his inexcusable and unlawful high rate of speed as he approached the vehicles that had stopped at the traffic signal;

(ii) his complete and total failure to maintain a proper lookout;

(iii) his complete and total failure to maintain control of the tractor-trailer as he approached the line of traffic;

(iv) his complete and total failure to observe, obey, slow down for, and stop at a traffic control device holding red at the subject intersection;

(v)  his complete and total disregard for the safety of others on the roadway, particularly while operating an extremely heavy and dangerous instrumentality (the tractor-trailer); and

(vi) his complete and total failure, in general, to exercise ordinary, reasonable care under the circumstances.

23.

Plaintiff Jennifer Winograd was completely and totally free from any fault or negligence whatsoever in the subject rear-end collision, and as such, Defendants are liable for the injuries, losses and damages sustained by Plaintiff Jennifer Winograd in heir entirety and without reduction for any reason whatsoever.

24.

At the time of the accident, Plaintiff Jennifer Winograd was lawfully married to Plaintiff Joshua Winograd.

25.

As a direct and proximate result of the negligence of Defendant Andrew Ensminger, Plaintiff Joshua Winograd has suffered the loss of society, consortium and services of Plaintiff Jennifer Winograd, as well as having to shoulder the burden of caring for his wife in connection with her injuries and performing child care, household chores and duties that his wife was not or currently is not able to perform.

## COUNT I

## NEGLIGENCE

26.

The allegations within all previous paragraphs of this complaint are hereby adopted and re-alleged as if set forth fully in this paragraph.

27.

As the direct and proximate result of the negligence and breaches of duty of Defendants as described above, Plaintiff Jennifer Winograd sustained serious physical injuries with resulting mental and physical pain and suffering; has suffered and continues to suffer severe pain, discomfort, and loss of enjoyment of life; has sustained permanent physical impairments and limitations; has incurred and will continue to incur expenses for reasonable and necessary medical care and treatment; has incurred and will continue to incur lost wages and lost future earning capacity damages; and has sustained other economic and non-economic losses and damages, for all of which Defendants are legally liable to Plaintiff in this action.

## COUNT II

## NEGLIGENCE PER SE

The allegations within all previous paragraphs of this complaint are hereby adopted and re-alleged as if set forth fully in this paragraph.

28.

At all relevant times, Defendants were negligent *per se* in violating Georgia law including, but not limited to, O.C.G.A. §§ 40-6-49; 40-6-241; and 40-6-390.

29.

The said negligence *per se* of Defendants proximately caused the above-described injuries and damages to Plaintiff Jennifer Winograd, such that the Defendants are liable to Plaintiff Jennifer Winograd in this action, in an amount which is presently unknown, but which will be proven at the trial of this action.

## COUNT III

## RESPONDEAT SUPERIOR

30.

The allegations within the above paragraphs are adopted by reference and re-alleged herein, as if set forth verbatim in this paragraph.

31.

At all relevant times, Defendant Andrew Ensminger was an employee, agent, servant of Defendant May Trucking Company and was acting within the scope and course of his employment or agency with Defendant May Trucking Company when his negligent actions and inactions set forth above proximately caused the above-described collision that caused the above-described injuries to Plaintiff Jennifer Winograd.

32.

Defendant May Trucking Company is liable for the above described negligent acts and omissions of its employee, agent and servant Andrew Ensminger pursuant to the doctrine of *respondeat superior*.

## COUNT IV

## NEGLIGENT HIRING AND RETENTION

33.

The allegations within the above paragraphs are adopted by reference and re-alleged herein, as if set forth verbatim in this paragraph.

34.

Defendant May Trucking Company was negligent in the hiring and retention of Defendant Andrew Ensminger.

35.

Defendant May Trucking Company was otherwise negligent in its screening and selection of Defendant Andrew Ensminger.

36.

Defendant May Trucking Company's negligent hiring and retention as set forth above proximately caused the aforesaid injuries and damages to Plaintiff Jennifer Winograd, such that this defendant is liable to her in this action in an amount which is presently unknown, but which will be proven at the trial of this action.

## COUNT V

## NEGLIGENT TRAINING AND SUPERVISION

37.

The allegations within the above paragraphs are adopted by reference and re-alleged herein, as if set forth verbatim in this paragraph.

38.

Defendant May Trucking Company was negligent in the training and supervision of Andrew Ensminger.

39.

Defendant May Trucking Company's negligent training and supervision as set forth above proximately caused the aforesaid injuries and damages to Plaintiff Jennifer Winograd, such that this

defendant is liable to her in this action in an amount which is presently unknown, but which will be proven at the trial of this action.

## COUNT VI

### BAD FAITH ATTORNEYS' FEES and EXPENSES CLAIM AGAINST MAY TRUCKING COMPANY AND ANDREW ENSMINGER

40.

The allegations within the above paragraphs are adopted by reference and re-alleged herein, as if set forth verbatim in this paragraph.

41.

At all times relevant hereto, Defendant May Trucking Company and its agent, Defendant Andrew Ensminger, acted in bad faith, have been stubbornly litigious, and/or have caused Plaintiff Jennifer Winograd unnecessary trouble and expense.

42.

As a result of the foregoing, Plaintiff Jennifer Winograd is entitled to attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiffs demand trial by jury on all issues and prays for judgment against the Defendants for compensatory damages for physical and mental pain and suffering, medical and other expenses, loss of consortium and all other amounts recoverable at law plus costs and prejudgment interest pursuant to O.C.G.A. § 51-12-14, attorneys' fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, prays for trial by jury as to all issues, and respectfully requests such other or further relief as the Court deems just and proper.

Respectfully submitted this 3rd day of November, 2021.

SPAULDING LAW, LLC

BY: _____
Theodore A. Spaulding
Georgia Bar Number 153055
Damon J. Daugherty
Georgia Bar Number 511718
Attorneys for Plaintiffs

Spaulding Law, LLC
327 Dahlonega St.
Suite 1004
Cumming, GA  30040
(470) 695-9950  (Telephone)
(678) 771-8290 (Facsimile)
tspaulding@spauldingfirm.com
ddaugherty@spauldingfirm.com